### O'CONNELL et al. v. CENTRAL BANK.

(Circuit Court, D. Oregon. February 9, 1897.)

### No. 2,177.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—MORTGAGE SECURING PREFERENCES—OREGON STATUTE.

The Oregon statute declaring invalid general assignments for creditors, unless made for all creditors (Hill's Ann. Laws, § 3173), does not apply to a mortgage made by an insolvent to secure one creditor, though it covers all the mortgagor's property, and though the mortgagee had knowledge of his insolvency. Beall v. Cowan, 21 C. C. A. 267, 75 Fed. 139, followed.

This was a suit in equity by Eugene O'Connell and others against the Central Bank to set aside a mortgage made to the latter by the Oakland Box & Barrel Manufacturing Company.

Wm. Wirt Minor and J. W. Bennett, for complainants.
E. B. Watson and J. F. Watson, for defendant.

BELLINGER, District Judge. This is a suit to set aside a mortgage made by the Oakland Box & Barrel Manufacturing Company to the bank. It is claimed and appears that the mortgage in question was upon all the property of the Oakland Box & Barrel Manufacturing Company, and that the Oakland Box & Barrel Manufacturing Company was insolvent at the time the mortgage was made, and I have no doubt but that the bank knew of this condition. Nevertheless, it is the law of this circuit that such a mortgage is not within the provision of the statute (section 3173, Hill's Ann. Laws Or.) which provides that "no general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid unless it be made for the benefit of all

his creditors in proportion to the amount of their respective claims." In the case of Beall v. Cowan, 21 C. C. A. 267, 75 Fed. 139, the circuit court of appeals for this circuit, following the decisions of the supreme court of the state of Oregon, held, in effect, that the court would regard the form of the instrument, and, if it be not in form an assignment, it is not within the act quoted. The doctrine of this decision, and of the decisions of the supreme court upon which it is founded, is that the statute "was not intended to prevent an insolvent debtor from preferring one creditor to another, and was not intended to apply to any and all instruments or means by which an insolvent might divest himself of his property, and thereby pay or secure certain creditors to the exclusion of others, but was in-' tended to apply to the subject-matter of the statute, which was the voluntary distribution of an insolvent's estate through an assignee, and substantially in the method contemplated in the statute,—a proceeding by which the insolvent surrendered his estate to another for the benefit of his creditors, and under which the assignee distributed the estate, and in which the transfer became effective without the assent of the creditors, and the insolvent lost all dominion over his property." Following these decisions, I must hold that the mortgage in this case is not within the statutory definition of a general assignment. It is therefore ordered that the bill of complaint herein be dismissed.